■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED RAFIKIAN, Appellant. [951 NYS2d 226]—

Appeal by the defendant from three judgments of the Supreme Court, Queens County (Lewis, J.), all rendered September 21, 2007, convicting him of (1) grand larceny in the first degree, grand larceny in the second degree (three counts), criminal impersonation in the second degree (four counts), and scheme to defraud in the first degree, under indictment No. 2096/04, (2) grand larceny in the second degree (two counts), criminal impersonation in the second degree (two counts), scheme to defraud in the first degree, and practicing or appearing as an attorney without being admitted and registered (two counts), under indictment No. 439/05, and (3) grand larceny in the second degree (two counts), scheme to defraud in the first degree, criminal impersonation in the second degree (two counts), and practicing or appearing as an attorney without being admitted and registered, under indictment No. 2434/05, upon a jury verdict, and imposing sentence.

Ordered that the judgments are reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

Before allowing a defendant to proceed pro se, the court must determine that the defendant's waiver of the right to counsel is made knowingly, voluntarily, and intelligently (*see People v Crampe*, 17 NY3d 469, 482-483 [2011], *cert denied sub nom. New York v Wingate*, 565 US —, 132 S Ct 1746 [2012]; *People v*

*Arroyo,* 98 NY2d 101, 103 [2002]; *People v Slaughter,* 78 NY2d 485, 491 [1991]). In order to make that evaluation, the court must conduct a "searching inquiry" of the defendant (*People v Slaughter,* 78 NY2d at 491). While there is no "rigid formula" to be followed in such an inquiry, and the approach is a flexible one (*People v Providence,* 2 NY3d 579, 583 [2004] [internal quotation marks omitted]), the record must demonstrate that the defendant was made "aware of the dangers and disadvantages of proceeding without counsel" (*id.* at 582 [internal quotation marks omitted]). In particular, the record should show that the trial court " 'adequately warn[ed] [the] defendant of the risks inherent in proceeding *pro se,* and appris[ed] [the] defendant of the singular importance of the lawyer in the adversarial system of adjudication' " (*People v Arroyo,* 98 NY2d at 104, quoting *People v Smith,* 92 NY2d 516, 520 [1998]). The record should also disclose "that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" of the right to counsel (*People v Smith,* 92 NY2d at 520; *see People v Arroyo,* 98 NY2d at 104).

Here, before permitting the defendant to proceed pro se prior to a suppression hearing, the suppression court advised the defendant that it would be an "extraordinary" decision to proceed without counsel, that to do so would be "extraordinarily dangerous," and that most defendants who represent themselves are not successful. The court also discussed the potential sentences that could be imposed.

However, the suppression court did not advise the defendant of the importance of the role of the attorney in the adversarial system, nor as to the "dangers and disadvantages" of self-representation (*People v Providence,* 2 NY3d at 582 [internal quotation marks omitted]). Further, prior to the trial itself, the trial court made no inquiry as to the defendant's decision to represent himself at trial. Under these circumstances, the defendant's waiver of counsel cannot be deemed knowing and voluntary (*see People v Crampe,* 17 NY3d at 482-483; *People v Arroyo,* 98 NY2d at 104; *People v Smith,* 92 NY2d at 521-522; *Matter of Casey N.,* 59 AD3d 625, 628-630 [2009]; *Matter of Knight v Knight,* 59 AD3d 445, 446 [2009]; *Matter of McGregor v Bacchus,* 54 AD3d 678, 678-679 [2008]; *People v Maraj,* 44 AD3d 1090, 1092-1093 [2007]). Accordingly, the defendant is entitled to a new trial (*see People v Crampe,* 17 NY3d at 485; *Matter of Casey N.,* 59 AD3d at 630). Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.