■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PETERSON, Appellant. [959 NYS2d 1]—

The record, taken as a whole (*see People v Providence*, 2 NY3d 579, 583 [2004]), demonstrates that defendant made a knowing and intelligent waiver of his right to counsel. The court conducted a thorough inquiry, in which it fully warned defendant of the risks of self-representation (*see e.g. People v Peterson*, 273 AD2d 88, 89 [2000] [same defendant]). Defendant's lack of legal knowledge and difficulties in representing himself were not grounds for denying or revoking pro se status (*see People v Ryan*, 82 NY2d 497, 507 [1993]). "Ineptitude, inherent in almost any case of self-representation, is a constitutionally protected prerogative" (*People v Schoolfield*, 196 AD2d 111, 117 [1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]). Even though defendant had no right to hybrid representation (*see People v Rodriguez*, 95 NY2d 497, 501 [2000]), the court acceded to his request for an arrangement whereby he could switch back and forth between self-representation and representation by his legal advisor. Any disadvantages caused by that arrangement were of defendant's own making.

The evidence at the *Hinton* hearing established an overriding interest that warranted closure of the courtroom during an undercover officer's testimony (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied* 522 US 1002 [1997]), as well as a need for the officer to testify under her shield number (*see People v Waver*, 3 NY3d 748 [2004]). We have considered and rejected defendant's arguments on these issues. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.