Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered September 17, 2009, convicting him of grand larceny in the second degree, grand larceny in the third degree (three counts), criminal possession of a forged instrument in the second degree (two counts), identity theft in the first degree (four counts), and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a *882 hearing (McCormack, J.), of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a new trial.
Contrary to the defendant’s contention, the hearing court properly determined that the police lawfully stopped the vehicle in which he was a passenger, and that his arrest was supported by probable cause (see People v Walker, 186 AD2d 606 [1992]). Accordingly, the court properly denied those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
The defendant’s contention that the evidence was legally insufficient to support his conviction of grand larceny in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
However, under the circumstances of this case, the defendant’s waiver of his right to counsel was ineffective. “Before allowing a defendant to proceed pro se, the court must determine that the defendant’s waiver of the right to counsel is made knowingly, voluntarily, and intelligently” (People v Rafikian, 98 AD3d 1139, 1139 [2012]; see People v Crampe, 17 NY3d 469, 481 [2011]; People v Arroyo, 98 NY2d 101, 103 [2002]). “To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a ‘searching inquiry’ designed to ‘insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel’ ” (People v Crampe, 17 NY3d at 481, quoting People v Providence, 2 NY3d 579, 582 [2004]). The record should show that the defendant was adequately warned “of the risks inherent in proceeding pro se, and apprised] . . . of the singular importance of the lawyer in the adversarial *883 system of adjudication” (People v Smith, 92 NY2d 516, 520 [1998]). “The record should also disclose ‘that a trial court has delved into a defendant’s age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver’ of the right to counsel” (People v Rafikian, 98 AD3d at 1140, quoting People v Smith, 92 NY2d at 520).
Here, prior to trial, the defendant indicated that he did not want his assigned counsel to represent him. The court gave the defendant the option of proceeding pro se, or having his assigned counsel represent him, which the court recommended. Alternatively, the court indicated that assigned counsel could “stand by [the defendant] and give [him] guidance.” The defendant indicated that he had “no objection to representing himself],” and the court permitted him to proceed pro se. The court then discussed the potential sentence that could be imposed, and obtained certain pedigree information from the defendant, including his level of education and criminal history. Under these circumstances, the court failed to conduct a sufficiently searching inquiry of the defendant to be reasonably certain that he understood the dangers and disadvantages of self-representation (see People v Crampe, 17 NY3d at 482-483; People v Slaughter, 78 NY2d 485, 491-492 [1991]; People v Rafikian, 98 AD3d at 1140; Matter of Casey N., 59 AD3d 625, 629 [2009]). Accordingly, since the court failed to ensure that the defendant’s waiver of his right to counsel was made knowingly, intelligently, and voluntarily, the defendant is entitled to a new trial (see People v Crampe, 17 NY3d at 484; Matter of Casey N., 59 AD3d at 630).
The defendant’s contentions raised in points I and III of his pro se supplemental brief are unpreserved for appellate review and, in any event, are without merit. The defendant’s remaining contentions, including those raised in his pro se supplemental brief, either are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.