■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER STROUD, Appellant. [40 NYS3d 910]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 27, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"It is well-settled that an application to proceed pro se must be denied unless [a] defendant effectuates a knowing, voluntary and intelligent waiver of the right to counsel" (*People v Stone*, 22 NY3d 520, 525 [2014]). "To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a 'searching inquiry' designed to 'insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel' " (*People v Crampe*, 17 NY3d 469, 481 [2011], quoting *People v Providence*, 2 NY3d 579, 582 [2004]). In particular, the record should show that the court " 'adequately warn[ed] [the] defendant of the risks inherent in proceeding pro se, and appris[ed] [the] defendant of the singular importance of the lawyer in the adversarial system of adjudication' " (*People v Rafikian*, 98 AD3d 1139, 1140 [2012], quoting *People v Arroyo*, 98 NY2d 101, 104 [2002]). "[W]hen deciding whether a defendant actually understood the dangers of self-representation, a reviewing court may look to the whole record, not simply to the questions asked and answers given during a waiver colloquy" (*People v Providence*, 2 NY3d at 580-581).

Here, the defendant was properly allowed to represent himself at the suppression hearing and the trial. The record, as a whole, demonstrates that the defendant made knowing, voluntary, and intelligent waivers of his right to counsel (*see People v Crampe*, 17 NY3d at 481; *People v Providence*, 2 NY3d at 582; *People v Arroyo*, 98 NY2d at 104). Both the hearing court and the trial court undertook sufficiently searching inquiries of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Vivenzio*, 62 NY2d 775, 776 [1984]; *People v Dashnaw*, 116 AD3d 1222, 1231 [2014]; *People v Anderson*, 94 AD3d 1010, 1012 [2012]; *People v Hall*, 49 AD3d 1180, 1181 [2008]; *People v Trivino*, 266 AD2d 323, 324 [1999]; *cf. People v Rafikian*, 98 AD3d at 1140). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.