16-1686-pr
Bristol v. Nassau County

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
                  REENA RAGGI,
                  SUSAN L. CARNEY,
                          *Circuit Judges.*

------------------------------------------------------------------------

MARCEL C. BRISTOL,
                  *Plaintiff-Appellant*,

                  v.                                                  No. 16-1686-pr

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, A.D.A. LAUREN DODDATO, A.D.A. JOHN DOE, SERGEANT WILLIAM GUNTER, DETECTIVE RONALD S. SCHEPIS,[*]
                  *Defendants-Appellees*.

------------------------------------------------------------------------

FOR APPELLANT:                    Marcel Camille Bristol, *pro se*, Port-au-Prince, Haiti.

FOR APPELLEES:                    Robert F. Van der Waag, Deputy County Attorney, *for* Carnell T. Foskey, Nassau County Attorney, Mineola, New York.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the May 17, 2016 judgment of the district court is AFFIRMED.

Plaintiff Marcel Bristol, proceeding *pro se*, appeals from the dismissal of his complaint, pursuant to 42 U.S.C § 1983, which sues Nassau County, the Nassau County Police Department, and several police officers and assistant district attorneys.[1] Bristol challenges (1) the district court's refusal to judicially notice documents attached to his memorandum in opposition to dismissal, (2) the dismissal of his false-arrest and malicious-prosecution claims as barred by issue preclusion, and (3) the court's failure to recognize a fabrication-of-evidence claim distinct from malicious prosecution. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Judicial Notice

We review a district court's decision as to judicial notice for abuse of discretion, *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008), which we do not identify here because the documents attached to Bristol's opposition memorandum

---

[1] Bristol voluntarily dismissed all claims against the County Police Department and all official-capacity claims against the individual defendants. We do not discuss these claims further, nor those relating to excessive bail or a municipal failure to train, the dismissal of which Bristol does not challenge on appeal. *See Nowakowski v. New York*, 835 F.3d 210, 230 n.5 (2d Cir. 2016) ("Where a petitioner—even a pro se petitioner—fails to make a particular argument before our Court . . . we generally deem the argument waived.").

were not attached to his complaint or incorporated by reference therein.[2]  *See Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (concluding that "district court correctly declined to consider . . . extrinsic materials[ that] were not incorporated by reference or otherwise integral to the complaint").  Nor were the facts contained therein free from reasonable dispute and capable of ready determination from sources not reasonably questioned.  *See* Fed. R. Evid. 201(b)(2).  Because these documents outside the pleadings were not considered, there was no need to convert the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  No different conclusion is compelled by the district court's judicial noticing of decisions in related state criminal proceedings proffered by defendants.  These self-authenticating, publicly available records satisfied Rule 201(b)(2) and bore directly on the question of issue preclusion.  *See Apotex, Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (holding that consideration of matters subject to judicial notice does not require conversion of dismissal motion to one for summary judgment).

2.    <u>False Arrest and Malicious Prosecution</u>

A federal court must give a New York state court judgment the same preclusive effect that it would be due under New York law.  *See Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007).  Under New York law, collateral estoppel, or issue

---

[2]  Insofar as one document attached to Bristol's opposition memorandum purports to be the certification of a grand jury indictment discussed by Bristol, it is not relevant for purposes of contesting the basis for issue preclusion of his false arrest and malicious prosecution claims.  *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that *relevant* matters are subject to judicial notice).  The document is not authenticated in any event.

preclusion, has two "essential elements": (1) an identical issue dispositive to the current action was decided in a prior action, and (2) the party to be precluded had a "full and fair opportunity to contest" the prior decision. *Id.* (internal quotation marks omitted). On *de novo* review of the dismissal of Bristol's false arrest and malicious prosecution claims, *see Willey v. Kirkpatrick*, 801 F.3d 51, 61–62 (2d Cir. 2015), we conclude that both requirements were satisfied.

A finding of probable cause to think a person has committed a crime is an absolute defense to both false arrest and malicious prosecution. *See Stansbury v. Wertman*, 721 F.3d 84, 89, 94–95 (2d Cir. 2013) (observing that standard is "slightly higher" as to malicious prosecution, requiring such facts as "would lead a reasonably prudent person to believe the plaintiff guilty" (internal quotation marks omitted)). In his state criminal case, Bristol raised a probable cause challenge to his arrest and had a full and fair opportunity to litigate the question with the benefit of counsel. *See Phifer v. City of New York*, 289 F.3d 49, 60 (2d Cir. 2002) (observing that representation by counsel suggests "full and fair opportunity to litigate"); *Curry v. City of Syracuse*, 316 F.3d 324, 332 (2d Cir. 2003) (stating that plaintiff has "strong incentive and initiative to litigate" question where judicial finding is relevant to incarceration (internal quotation marks omitted)). The trial court found probable cause to arrest Bristol, a conclusion reiterated by the Second Department on appeal. *See People v. Bristol*, 102 A.D.3d 881, 882, 958 N.Y.S.2d 215, 217 (2d Dep't 2013). We therefore conclude that the Appellate Division's probable-cause determination precludes Bristol's false-arrest claim.

Indeed, the appellate court, on review of the trial record, found the evidence "legally sufficient to establish [Bristol's] guilt beyond a reasonable doubt," even though it ordered a new trial based on Bristol's inadequate waiver of his right to counsel. *Id.* at 882, 958 N.Y.S.2d at 217. Bristol seeks to avoid the preclusive effect of this Appellate Division holding by arguing that he claims "fabrication of evidence" distinct from malicious prosecution. *See Garnett v. Undercover Officer C0039*, 838 F.3d 265, 274 (2d Cir. 2016) (recognizing that fabrication of evidence may support independent fair trial claim where, even if arrest was valid, defendant official later engages in fabrication that results in deprivation of plaintiff's liberty). Bristol's complaint does not identify what facts were fabricated post arrest. Insofar as he argues on appeal that the indictment itself was fabricated, he cannot pursue a damages claim for malicious prosecution on that ground because he still faces trial on that indictment and, thus, cannot show the requisite "termination of the proceeding in favor of the accused." *Poventud v. City of New York*, 750 F.3d 121, 131 (2d Cir. 2014) (*en banc*) (internal quotation marks omitted); *see id.* at 131–32 (holding that malicious prosecution claim cannot be asserted "unless the underlying criminal cases finally end in failure," and "the reversal of a conviction and remand for a new trial does not constitute such a termination" (brackets and internal quotation marks omitted)). Accordingly, Bristol's challenge to the dismissal of his false arrest and malicious prosecution claims fails on the merits.

5

3.      Conclusion

We have considered Bristol's remaining arguments and find them to be without

merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court