People v Sutton (2018 NY Slip Op 03157)





People v Sutton


2018 NY Slip Op 03157


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2014-07998
 (Ind. No. 13-00870)

[*1]The People of the State of New York, respondent, 
v
Justin Sutton, appellant.


Del Atwell, East Hampton, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered June 25, 2014, convicting him of identity theft in the first degree (two counts), grand larceny in the third degree, and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not err in granting his request to represent himself at trial. " Before allowing a defendant to proceed pro se, the court must determine that the defendant's waiver of the right to counsel is made knowingly, voluntarily, and intelligently'" (People v Bristol, 102 AD3d 881, 882, quoting People v Rafikian, 98 AD3d 1139, 1139). " To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a searching inquiry designed to insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (People v Stroud, 144 AD3d 1056, 1057, quoting People v Crampe, 17 NY3d 469, 481 [internal quotation marks omitted]). "In particular, the record should show that the trial court adequately warn[ed] [the] defendant of the risks inherent in proceeding pro se, and appris[ed] [the] defendant of the singular importance of the lawyer in the adversarial system of adjudication'" (People v Rafikian, 98 AD3d at 1140 [emphasis omitted], quoting People v Arroyo, 98 NY2d 101, 104; see People v Smith, 92 NY2d 516, 520). "The record should also disclose that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' of the right to counsel" (People v Rafikian, 98 AD3d at 1140, quoting People v Smith, 92 NY2d at 520).
Here, in response to the defendant's request to proceed pro se, the Supreme Court questioned the defendant as to his education, occupation, legal knowledge and experience, and prior exposure to the criminal justice system. The court adequately informed the defendant of the risks inherent in proceeding pro se, drew the defendant's attention to the many challenges that he would face if he proceeded pro se, and apprised him of the benefits and the singular importance of representation by counsel in the adversarial system of adjudication. In response, the defendant reiterated his desire to proceed pro se. Accordingly, the record demonstrated that the defendant [*2]made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (see People v Crampe, 17 NY3d at 483; People v Wright, 152 AD3d 801, 802; People v Franklin, 146 AD3d 1082, 1085; People v Morrow, 143 AD3d 919, 919).
The defendant's contention that, in effect, the Supreme Court failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (see People v Rodriguez, 142 AD3d 1189, 1190). In any event, the defendant's contention is without merit. The People filed a statement pursuant to CPL 400.21(2), the defendant admitted that he was the person convicted of the prior felony set forth in that statement, and the court ascertained that the defendant did not intend to challenge the constitutionality of the prior conviction. Accordingly, there was substantial compliance with CPL 400.21 (see People v Rodriguez, 142 AD3d at 1190; People v Earl, 133 AD3d 875; People v Laterza, 129 AD3d 1105; People v Evans, 121 AD3d 1012, 1013).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court