People v Moore (2018 NY Slip Op 05202)





People v Moore


2018 NY Slip Op 05202


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2013-02195
 (Ind. No. 2623/10)

[*1]The People of the State of New York, respondent,
v
Darryl Moore, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph A. Zayas, J.), rendered February 6, 2013, convicting him of assault in the second degree, attempted assault in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and sentencing him to determinate term of imprisonment of 7 years plus 5 years of postrelease supervision on the conviction of assault in the second degree, indeterminate terms of imprisonment of 2 to 4 years on the conviction of attempted assault in the second degree and 3½ to 7 years on the conviction of criminal possession of a weapon in the third degree, and a determinate term of imprisonment of 9 months on the conviction of menacing in the second degree, with the sentences on the convictions of criminal possession of a weapon in the third degree and menacing in the second degree to run concurrently with each other and consecutively to the sentence imposed on the conviction of assault in the second degree.
ORDERED that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by providing that all of the sentences run concurrently with each other; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the second degree beyond a reasonable doubt (see Penal Law § 110.00, 120.05[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon our review of the record, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was denied the right to counsel because the Supreme Court failed to conduct a sufficiently searching inquiry before granting his request to proceed pro se is without merit (see People v Stroud, 144 AD3d 1056; People v Paulin, 140 AD3d 985; People v McCord, 133 AD3d 689; People v Rafikian, 98 AD3d 1139). Furthermore, under the circumstances of this case, the court did not improvidently exercise its discretion when it denied the [*2]defendant's subsequent request to withdraw his waiver of counsel (see People v Smith, 151 AD3d 1476; People v Peterson, 101 AD3d 641).
The sentences were excessive to the extent indicated herein.
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court