People v Cucchiara (2019 NY Slip Op 05785)





People v Cucchiara


2019 NY Slip Op 05785


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-02245
 (Ind. No. 3068/12)

[*1]The People of the State of New York, respondent,
v
Gregory Cucchiara, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered February 23, 2016, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination granting the defendant's request to represent himself at trial. " Before allowing a defendant to proceed pro se, the court must determine that the defendant's waiver of the right to counsel is made knowingly, voluntarily, and intelligently'" (People v Bristol, 102 AD3d 881, 882, quoting People v Rafikian, 98 AD3d 1139, 1139). " To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a searching inquiry designed to insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (People v Stroud, 144 AD3d 1056, 1057 [internal quotation marks omitted], quoting People v Crampe, 17 NY3d 469, 481). "In particular, the record should show that the trial court adequately warn[ed][the] defendant of the risks inherent in proceeding pro se, and appris[ed][the] defendant of the singular importance of the lawyer in the adversarial system of adjudication'" (People v Rafikian, 98 AD3d at 1140, quoting People v Arroyo, 98 NY2d 101, 104; see People v Smith, 92 NY2d 516, 520). "The record should also disclose that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' of the right to counsel" (People v Rafikian, 98 AD3d at 1140, quoting People v Smith, 92 NY2d at 520).
Here, in response to the defendant's request to proceed pro se, the Supreme Court questioned the defendant as to his education, occupation, legal knowledge and experience, and prior exposure to the criminal justice system. The court adequately informed the defendant of the risks inherent in proceeding pro se, drew the defendant's attention to the many challenges that he would face if he proceeded pro se, and apprised him of the benefits and the singular importance of representation by counsel in the adversarial system of adjudication. In response, the defendant steadfastly maintained his desire to proceed pro se. Accordingly, the record demonstrated that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to [*2]proceed pro se (see People v Crampe, 17 NY3d at 483; People v Sutton, 161 AD3d 783; People v Wright, 152 AD3d 801, 802; People v Franklin, 146 AD3d 1082, 1085; People v Morrow, 143 AD3d 919, 919).
Insofar as the defendant argues that his waiver of the right to counsel resulted in the erroneous admission of certain evidence that rendered the trial fundamentally unfair such that he is entitled to a new trial, this argument is without merit. A defendant who knowingly, voluntarily, and intelligently waives his right to counsel must accept the consequences of that decision (see People v Gajadhar, 9 NY3d 438, 448; People v Henriquez, 3 NY3d 210, 216-217).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court