People v Lemmo (2021 NY Slip Op 01997)





People v Lemmo


2021 NY Slip Op 01997


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-03475
 (Ind. No. 2563/16)

[*1]The People of the State of New York, respondent,
v
Robert Lemmo, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala and Paris C. DeYoung of counsel), for appellant.
Robert Lemmo, College Point, NY, appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered February 20, 2018, convicting him of criminal mischief in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was charged with criminal mischief in the third degree, unauthorized use of a motor vehicle in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree arising out of allegations that the defendant broke the rear window of a car and stole a bag of golf clubs that was located inside the car. Before trial, the defendant's assigned counsel informed the Supreme Court that the defendant wished to represent himself at trial pro se. After a brief colloquy, the court granted the defendant's request and directed assigned counsel to stay on as the defendant's legal advisor. After a jury trial, the defendant was convicted of criminal mischief in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree. The defendant appeals. We reverse.
Contrary to the contention raised in the defendant's pro se supplemental brief, the evidence was legally sufficient to establish the defendant's guilt of criminal mischief in the third degree beyond a reasonable doubt (Penal Law § 145.05; see People v Tucker, 113 AD3d 642, 643; see also People v Morgan, 9 AD3d 375, 376).
Nonetheless, we reverse and remit the matter to the Supreme Court, Queens County, since the court failed to conduct the requisite inquiry before allowing the defendant to proceed pro se. A court must determine that the defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself (see People v Crampe, 17 NY3d 469, 481; People v Rafikian, 98 AD3d 1139, 1139). In order to make [*2]that evaluation, the court "must undertake a 'searching inquiry' designed to 'insur[e] that a defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (People v Crampe, 17 NY3d at 481, quoting People v Providence, 2 NY3d 579, 582). The court's inquiry "must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Smith, 92 NY2d 516, 520; see People v Crampe, 17 NY3d at 482). "The record should also disclose 'that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' of the right to counsel" (People v Rafikian, 98 AD3d at 1140, quoting People v Smith, 92 NY2d at 520). Here, although the court obtained certain pedigree information from the defendant, it failed to ascertain that the defendant was aware of the risks inherent in proceeding without an attorney and the benefits of having counsel represent him at trial (see People v Crampe, 17 NY3d at 482-483; People v Griffin, 148 AD3d 735, 736). Moreover, the court failed to discuss the potential sentence that could be imposed (see People v Cole, 120 AD3d 72, 75). Thus, the court's inquiry was insufficient to ensure that the defendant understood the dangers and disadvantages of self-representation. Under these circumstances, the defendant's purported waiver of his right to counsel was ineffective. Accordingly, the defendant is entitled to a new trial (see People v Crampe, 17 NY3d at 484; People v Bristol, 102 AD3d 881, 883). .
The defendant's remaining contention need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court