People v Crispino (2021 NY Slip Op 04918)





People v Crispino


2021 NY Slip Op 04918


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-05634
 (Ind. No. 4318/15)

[*1]The People of the State of New York, respondent,
v
Domenick Crispino, appellant.


Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered April 21, 2017, convicting him of grand larceny in the second degree (three counts), grand larceny in the third degree (three counts), criminal possession of a forged instrument in the second degree (three counts), offering a false instrument for filing in the first degree (six counts), falsifying business records in the first degree (two counts), and unauthorized practice of law (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant, a disbarred attorney (see Matter of Crispino, 259 AD2d 167), was convicted, after a jury trial, of grand larceny in the second degree (three counts) and multiple related charges in connection with several fraudulent financial schemes involving two parcels of real property. The conviction arose out of a scheme wherein the defendant, holding himself out as an attorney, prepared and filed multiple fraudulent documents, including a deed and mortgage satisfactions, that enabled him to steal more than $1,000,000 from the complainants.
Before trial, the defendant's assigned counsel informed the Supreme Court that the defendant wished to represent himself at trial. The court failed to provide the defendant with any warnings or make any inquiry as to the defendant's understanding of the dangers and disadvantages of proceeding without counsel. Nevertheless, the court granted the defendant's request and directed assigned counsel to serve as the defendant's legal advisor. After a jury trial before a different Justice, the defendant was convicted of grand larceny in the second degree (three counts), grand larceny in the third degree (three counts), criminal possession of a forged instrument in the second degree (three counts), offering a false instrument for filing in the first degree (six counts), falsifying business records in the first degree (two counts), and unauthorized practice of law (two counts). The defendant appeals. We reverse.
The defendant's contentions, including those raised in his pro se supplemental brief, that his convictions for grand larceny in the second degree, criminal possession of a forged [*2]instrument in the second degree, offering a false instrument for filing in the first degree, falsifying business records in the first degree, and unauthorized practice of law were not supported by legally sufficient evidence are largely unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence on those counts was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nonetheless, we reverse and remit the matter to the Supreme Court since the court failed to conduct the requisite inquiry needed before allowing the defendant to proceed pro se and the record does not demonstrate that the defendant was aware of the dangers and disadvantages of representing himself or the benefits of having trial counsel (see People v Crampe, 17 NY3d 469, 481; People v Arroyo, 98 NY2d 101, 104; People v Lemmo, 192 AD3d 1143, 1144). A court must determine that the defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself (see People v Crampe, 17 NY3d at 481; People v Lemmo, 192 AD3d at 1144). In order to make that evaluation, the court "must undertake a 'searching inquiry' designed to 'insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (People v Crampe, 17 NY3d at 481, quoting People v Providence, 2 NY3d 579, 582). The court's inquiry "must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Smith, 92 NY2d 516, 520; see People v Crampe, 17 NY3d at 482). Nonetheless, no specific litany is required and a reviewing court may look to the whole record, not simply to the questions asked and answers given during a waiver colloquy, in order to determine whether a defendant actually understood the dangers of self-representation (see People v Providence, 2 NY3d at 583). Subsequent warnings, however, cannot cure a trial court's earlier error in not directing the defendant's attention to the dangers and disadvantages of self-representation (see People v Crampe, 17 NY3d at 482-483).
Here, although the record demonstrates that the Supreme Court was aware of the defendant's pedigree information, including his status as a disbarred attorney, the court failed to ascertain that the defendant was aware of the risks inherent in proceeding without a trial attorney and the benefits of having counsel represent him at trial (see id.; People v Lemmo, 192 AD3d at 1144). Contrary to the People's contention, there is nothing in the record that demonstrates that the dangers and disadvantages of self-representation were known by the defendant (see People v Lemmo, 192 AD3d at 1144), as the court neither "tested defendant's understanding of choosing self-representation nor provided a reliable basis for appellate review" (People v Arroyo, 92 NY2d at 104). Under these circumstances, the defendant's purported waiver of his right to counsel was ineffective. Accordingly, the defendant is entitled to a new trial (see People v Lemmo, 192 AD3d at 1144; People v Griffin, 148 AD3d 735, 736; People v Bristol, 102 AD3d 881, 882; People v Rafikian, 98 AD3d 1139, 1139).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, need not be reached in light of this determination.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court