People v Brooks (2021 NY Slip Op 07010)





People v Brooks


2021 NY Slip Op 07010


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2017-02582
 (Ind. No. 1229/15)

[*1]The People of the State of New York, respondent,
v
Edward Brooks, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Tammy J. Smiley and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered February 7, 2017, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Patricia A. Harrington, J.), of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
The defendant was indicted on various drug charges arising from the alleged sale of heroin and cocaine to an undercover detective. A cell phone recovered from the defendant when he was arrested allegedly was used to arrange the drug sale. Following a suppression hearing, at which the defendant was permitted to represent himself, the Supreme Court denied suppression of the cell phone, finding that it was recovered incident to a lawful arrest.
After a jury trial, the defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree.
A court must determine that a defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself (see People v Crampe, 17 NY3d 469, 481). In order to make that evaluation, the court "must undertake a 'searching inquiry' designed to 'insur[e] that a defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (id. at 481, quoting People v Providence, 2 NY3d 579, 582). Here, the Supreme Court failed to conduct the requisite inquiry before allowing the defendant to represent himself during the suppression hearing (see People v Lemmo, 192 AD3d 1143). However, under the circumstances of this case, a new suppression hearing is not warranted. Since the People did not rely on any evidence pertaining to the cell phone at trial, the result at trial could not have been affected by the suppression hearing (see People v Wardlaw, 6 NY3d 556, 559-560; People v Rodriguez, 158 AD3d 143, 153-154; cf. People v Costan, 169 AD3d 820, 822).
Contrary to the defendant's contention, the verdict was not against the weight of the [*2]evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
Also contrary to the defendant's contention, the record as a whole demonstrates that he received the effective assistance of counsel under both the federal and state constitutional standards (see Strickland v Washington, 466 US 668, 688; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
Furthermore, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in conducting portions of the trial in his absence. "[A] waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant after the trial has commenced" (People v Parker, 57 NY2d 136, 139). "[A] defendant who engages in disruptive behavior during a trial may be held to have, in effect, waived his [or her] right to be present" (People v Connor, 137 AD2d 546, 549). Here, a waiver of the defendant's right to be present may be inferred from his repeated disruptive conduct despite the court's admonitions (see People v Ramos, 179 AD3d 842, 843-844; People v Paige, 134 AD3d 1048, 1052).
The defendant's contention that the Supreme Court violated his constitutional rights by having him handcuffed in the presence of the jury is unpreserved for appellate review (see People v Woods, 138 AD3d 1153, 1154), and we decline to reach that issue in the exercise of our interest of justice jurisdiction.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court