People v Hall (2025 NY Slip Op 06727)

People v Hall

2025 NY Slip Op 06727

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2019-04066
 (Ind. No. 6247/17)

[*1]The People of the State of New York, respondent,
v
Winston Gregory Hall, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered March 13, 2019, convicting him of grand larceny in the second degree, criminal possession of a forged instrument in the second degree (four counts), and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant's contention that his conviction of grand larceny in the second degree is not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]). Moreover, the defendant's arguments are based on matters dehors the record, which may not be considered on direct appeal (see People v Saka, 197 AD3d 1331, 1332; People v Manzanales, 170 AD3d 752, 753). A CPL 440.10 proceeding is the appropriate forum for considering such material with respect to the subject judgment of conviction (see id. § 440.10[1][g]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt is not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nonetheless, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial since the court failed to conduct the requisite inquiry before allowing the defendant to proceed pro se and the record does not reveal that the defendant was aware of the disadvantages of representing himself or the benefits of having an attorney (see People v Crampe, 17 NY3d 469, 481; People v Crispino, 197 AD3d 1116, 1118). A court must determine that the defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself (see People v Crampe, 17 NY3d at 481; People v Lemmo, 192 AD3d 1143, 1144). To make that evaluation, the court "must undertake a 'searching inquiry' designed to 'insur[e] that a defendant [is] aware of the dangers and disadvantages [*2]of proceeding without counsel'" (People v Crampe, 17 NY3d at 481, quoting People v Providence, 2 NY3d 579, 582). The court's inquiry "must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Smith, 92 NY2d 516, 520; see People v Crampe, 17 NY3d at 482).
Here, the record does not demonstrate that the Supreme Court inquired about the defendant's pedigree information, aside from the fact that he did not have a law license, or that the court ascertained whether the defendant was aware of the risks inherent in proceeding without a trial attorney and the benefits of having counsel represent him at trial (see People v Crampe, 17 NY3d at 482-483; People v Lemmo, 192 AD3d at 1144). The court failed to ensure that the defendant understood the potential sentence that could be imposed or the dangers and disadvantages of self-representation (see People v Lemmo, 192 AD3d at 1144). The court neither "tested defendant's understanding of choosing self-representation nor provided a reliable basis for appellate review" (People v Arroyo, 98 NY2d 101, 104). In addition, the defendant continually engaged in disruptive or obstreperous conduct (see generally People v Wingate, 184 AD3d 738, 739; People v Lundquist, 180 AD3d 806, 807). Under these circumstances, the defendant's purported waiver of his right to counsel was ineffective and the defendant is entitled to a new trial (see People v Crampe, 17 NY3d at 484; People v Lemmo, 192 AD3d at 1144).
The defendant's remaining contentions either are without merit or need not be reached in light of this determination.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court