People v Petty (2026 NY Slip Op 00799)

People v Petty

2026 NY Slip Op 00799

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-02098
 (Ind. No. 2135/18)

[*1]The People of the State of New York, respondent,
vJoseph Petty, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Michael Tadros, Nancy Fitzpatrick Talcott, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia L. Morris, J.), rendered February 11, 2020, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence. By decision and order dated March 26, 2025, this Court remitted the matter to the Supreme Court, Queens County, to conduct a reconstruction hearing to determine whether the defendant was competent to stand trial in light of the evidence available on or before February 7, 2019, and thereafter report to this Court as to its determination, and the appeal was held in abeyance in the interim (see People v Petty, 236 AD3d 1065). The Supreme Court (Ira H. Margulis, J.) has now filed its report.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of course of sexual conduct against a child in the first degree. The defendant appeals. In a decision and order dated March 26, 2025, this Court remitted the matter to the Supreme Court, Queens County, to conduct a reconstruction hearing to determine whether the defendant was competent to stand trial in light of the evidence available on or before February 7, 2019, and thereafter report to this Court as to its determination, and the appeal was held in abeyance in the interim (see People v Petty, 236 AD3d 1065). In a report dated July 17, 2025, the Supreme Court determined that the defendant was competent to stand trial.
A defendant is incapacitated where he or she, "as a result of mental disease or defect[,] lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense" (CPL 730.10[1]; see People v Mendez, 1 NY3d 15, 19). "The burden of proof is on the prosecution to establish a defendant's competence, and the burden requires that fitness to stand trial be established by a preponderance of the evidence" (People v Rodriquez, 194 AD3d 1078, 1078). Here, the Supreme Court concluded, after a hearing, that the People established by a preponderance of the evidence that the defendant was competent to stand trial, and we perceive no basis upon which to disturb the court's determination (see People v Mendez, 1 NY3d at 20; People v Rodriquez, 194 AD3d at 1078). Contrary to the defendant's contention, the court providently exercised its discretion in denying his application to call the judge who had formerly presided over [*2]the case as a witness (see People v Bryant, 211 AD3d 848, 849).
The defendant contends that his conviction was against the weight of the evidence. "There is no preservation requirement for weight-of-the-evidence appellate review" (People v Rose, 191 AD3d 697, 698). Although the defendant's contention that his conviction was not supported by legally sufficient evidence was not properly preserved for appellate review, "we necessarily determine whether each element of the crime was proven beyond a reasonable doubt in assessing the claim that the conviction is against the weight of the evidence" (People v Rivera, 180 AD3d 939, 940). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he validly waived his right to counsel. "A court must determine that the defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself" (People v Hall, ___ AD3d ___, ___, 2025 NY Slip Op 06727, *1; see People v Crampe, 17 NY3d 469, 481). To make that evaluation, the court "'must undertake a searching inquiry designed to insur[e] that a defendant [is] aware of the dangers and disadvantages of proceeding without counsel'" (People v Hall, ___ AD3d at ___, 2025 NY Slip Op 06727, *1-2 [internal quotation marks omitted], quoting People v Crampe, 17 NY3d at 481). "The court's inquiry 'must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication'" (People v Hall, ___ AD3d at ___, 2025 NY Slip Op 06727, *2, quoting People v Smith, 92 NY2d 516, 520). Here, the record reflects that the Supreme Court engaged in a "searching inquiry" to clarify that the defendant understood the ramifications of proceeding pro se before accepting the defendant's waiver (People v Coad, 216 AD3d 1110, 1110 [internal quotation marks omitted]). The defendant also had the benefit of standby counsel throughout the proceedings and "proceeded at his own peril, fully aware of the consequences of his chosen course" (People v Webb, 172 AD3d 920, 922).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
Accordingly, we affirm the judgment.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court