People v Vilsaint (2026 NY Slip Op 01234)

People v Vilsaint

2026 NY Slip Op 01234

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2018-13416
 (Ind. No. 166/17)

[*1]The People of the State of New York, respondent,
vChristopher Vilsaint, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered February 6, 2018, convicting him of attempted assault in the first degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of attempted assault in the first degree and attempted murder in the second degree.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Lewis, 96 AD3d 878, 878). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Morever, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Silverstein, 236 AD3d 827, 829). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Greenland, 243 AD3d 587, 588; People v Gallardo, 234 AD3d 986, 986-987; People v Colon, 275 AD2d 797, 797).
The County Court properly determined that the defendant knowingly waived his right to counsel. "A court must determine that the defendant's waiver of the right to counsel is made competently, intelligently, and voluntarily before allowing that defendant to represent himself or herself" (People v Hall, 244 AD3d 753, 754; see People v Webb, 172 AD3d 920, 921). "To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a searching inquiry designed to insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel" (People v Stroud, 144 AD3d 1056, 1057 [internal quotation marks omitted]; see People v Brooks, 200 AD3d 904, 905). "The court's inquiry must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People [*2]v Hall, 244 AD3d at 755 [internal quotation marks omitted]; see People v Lemmo, 192 AD3d 1143, 1144).
Here, contrary to the defendant's contention, in response to the defendant's request to proceed pro se, the County Court engaged in a searching inquiry and questioned the defendant as to his education, legal knowledge and experience, and prior exposure to the criminal justice system. The court adequately informed the defendant of the risks inherent in proceeding pro se, drew the defendant's attention to the many challenges that he would face if he proceeded pro se, and apprised him of the benefits and the singular importance of representation by counsel in the adversarial system of adjudication. Moreover, the defendant had the benefit of standby counsel during the colloquy, conferred with standby counsel, and steadfastly maintained his desire to proceed pro se throughout the proceeding. Accordingly, the record demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (see People v Smith, 187 AD3d 944, 944; People v Cucchiara, 174 AD3d 816, 816).
The defendant's contention that the County Court, by the sentence it imposed, penalized him for exercising his right to a trial, is unpreserved for appellate review and, in any event, without merit (see People v Hurley, 75 NY2d 887, 888; People v Dragani, 204 AD3d 690, 691). The record does not reflect that the court exercised any retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Bradshaw, 229 AD3d 563, 564; People v Garcia, 222 AD3d 659, 660). Morever, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., WARHIT, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court