Memorandum. The judgments appealed from should be modified by reversing the convictions for bribery. Defendants were not amenable to prosecution under section 374 of the old Penal Law. They were neither public servants nor serving in a judicial capacity as contemplated by the statute. However, the convictions for conspiracy need not be reversed. If an indictment charges conspiracy to commit a crime and refers to several separate offenses as purposes of the conspiracy, a conviction may rest on proof of an agreement to commit any one of the offenses without proof of an agreement to commit the others (People v. Trammell, 50 Misc 2d 179, 181 [Gabrielli, J.]; People v. Engel, 200 Misc. 60, 62 [F. Valente, J.]; cf. Bork v. People, 91 N. Y. 5, 13; People v. Davis, 56 N. Y. 95, 100-101). Since the jury concluded that the defendants had committed conspiracy to commit bribery and larceny, the fact that it is now determined that the defendants may not be prosecuted for bribery, only because of the technical classification of the offense and not because of any infirmity in the proof, does not upset the conclusion that defendants conspired to commit larceny. That the jury so found is inferable from the findings of guilt under the substantive counts of attempted grand larceny. Consequently, the convictions for conspiracy may stand and the judgments in all other respects are affirmed. Since sentences were suspended on the attempted grand larceny count, and the sentences on the bribery counts have been vacated, the action is remitted to the County Court for reconsideration of the sentences to be imposed (Cohen and Karger, Powers of the New York Court of Appeals, pp. 773-774).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment accordingly.