■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING MOORE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 10, 1975, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issues have been raised with respect to the sufficiency of the facts. The trial court was in error in determining the jurisdictional issue as a matter of law and taking that issue from the jury. Whether the crimes charged were committed, as contended, 500 yards outside of the border line of Kings County was a question of fact which should have been submitted to the jury. Hopkins, J. P., Margett, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON NADEL, Appellant.—Appeal by defendant, as limited by his brief, from a resentence of the County Court, Dutchess County, imposed June 28, 1971. Appeal dismissed as academic. In June, 1971, pursuant to a remittitur by the Court of Appeals for reconsideration of the sentences to be imposed *(People v Seligman,* 28 NY2d 788, mot for rearg den 29 NY2d 514), the County Court revoked the suspended sentence originally imposed upon defendant's conviction for attempted grand larceny in the first degree and substituted a two- to four-year prison term in its stead. Since the maximum expiration date of that sentence has long since passed and as this situation is unlikely to ever recur, the underlying convictions, sentence and resentence having been governed by the old pre-September 1967 Penal Law and Code of Criminal Procedure, we see no reason to reach the merits of this manifestly moot appeal. Latham, J. P., Cohalan, Margett and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WATKINS RICHARDSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 28, 1977, convicting him of attempted criminal possession of a forged instrument in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have considered defendant's contentions and find them to be lacking in merit. Latham, J. P., Cohalan, Margett and Damiani, JJ., concur.