■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL WARD, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Brown, J.), rendered May 12, 1982, upon a verdict convicting defendant of the crimes of burglary in the second degree and two counts of grand larceny in the third degree. On September 30, 1981, Daniel McCloud agreed to assist the police by attempting to gain evidence against other persons who were believed to be planning a robbery of the Price Chopper in Schenectady, New York. Daniel McCloud's efforts to assist the police were to include carrying a tape recorder to record conversations with the conspirators of the Price Chopper robbery. In exchange for this assistance, it was hoped that Daniel's brother, Terry McCloud, would receive a more lenient sentence on several felony counts to which he had pleaded guilty. Later in the day on September 30, Daniel McCloud did record a conversation with defendant. That conversation included plans to rob the Price Chopper and an admission by defendant regarding the subject burglary which had occurred in Niskayuna the night before. Defendant was indicted for burglary in the second degree, two counts of grand larceny in the third degree, and criminal mischief in the fourth degree. Specifically, defendant was charged with knowingly and unlawfully entering a dwelling located at 1916 Mayfair Drive in the Town of Niskayuna with the intent to commit a crime therein, stealing two guns and jewelry, valued in excess of $250, and damaging a glass windowpane and surrounding molding. During the ensuing trial the People offered into evidence the tape-recorded admission of defendant as well as testimony by Daniel McCloud, police officers and the homeowner regarding facts and circumstances surrounding the tape recording and the burglary. The Trial Judge refused to suppress the tape recording. At the close of the People's case, a *Sandoval* hearing was conducted. The Trial Judge determined that the underlying facts of a robbery for which defendant was adjudicated a youthful offender and the underlying facts of several other burglary convictions could be used for impeachment purposes. Defendant chose not to take the stand. When the defense rested its case, the court dismissed the charge of criminal mischief and the other three counts in the indictment were submitted to the jury. Defendant was convicted on all three counts. This appeal ensued. Defendant initially contends that the recording of his conversation with Daniel McCloud was obtained in violation of his constitutional right to privacy, and a hearing should have been conducted to determine whether Daniel McCloud was acting voluntarily. This contention is without merit. There is no justifiable expectation that a person with whom one converses will not tell authorities of the conversation, therefore, recordings taken by a consenting informant are permissible (*United States v White,* 401 US 745; *People v Seligman,* 35 AD2d 591, mod on other grounds 28 NY2d 788). In addition, there is no substance to defendant's claim that the informant may have been acting under duress (see *United States v Fuentes,* 563 F2d 527, cert den *sub nom. Sansone v United States,* 434 US 959). Next, defendant asserts that the trial court erred by denying his motion to redact certain portions of the tape recording. The trial court admitted into evidence the first portion of the tape-recorded conversation that Daniel McCloud had with defendant and several other persons. In addition to an admission by defendant regarding the instant crimes, the portion of the tape which was played for the jury included statements by defendant that he intended to commit another robbery. Defendant contends that only his admission to the present crimes should have been heard by the jury, as the content of the conversation preceding this admission was irrelevant and inflammatory. The record, however, supports the trial court's conclusion that defendant's admission to the instant crimes must be heard in the context of the conversation about the robbery plans in order to make sense and,

thus, the conversation preceding defendant's admission was inextricably intertwined with that admission. Accordingly, this court should not disturb the trial court's decision to deny defendant's motion to redact the portions of the tape recording preceding his admission (*People v Le Grand,* 76 AD2d 706). Defendant also contends that the trial court erred in its *Sandoval* ruling, wherein it ruled that although no inquiry would be allowed into several matters, inquiry would be allowed into other matters. Exclusion of prior convictions rests in the sound discretion of the trial court and should not be disturbed unless it is shown that that discretion has been abused (*People v Duffy,* 36 NY2d 258, cert den 423 US 861; *People v Sandoval,* 34 NY2d 371). The instant facts do not present such an abuse of discretion. We have examined defendant's remaining contentions and find them to be without merit. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.