**Ronald FUSSELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–706.**

District of Columbia Court of Appeals.

Submitted Dec. 9, 1985.

Decided Feb. 19, 1986.

Gary T. Brown, Washington, D.C., appointed by the court, was on brief for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Steven I. Friedland, and Sherri L. Berthrong, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEBEKER, MACK and BELSON, Associate Judges.

NEBEKER, Associate Judge:

Following a nonjury trial, appellant was convicted of taking property without right in violation of D.C.Code § 22–3816 (1985 Supp.). On appeal, he claims that the evidence is insufficient to support his conviction. We agree and reverse.

The government's evidence at trial showed that appellant approached Officer Anthony Tisdale, a member of the casual clothes section of the Metro Transit Police, and asked him if he would like to purchase a Metro flash pass.[1] Appellant represented that the pass was good for bus transportation and that it was worth twenty dollars, but that he would sell the pass to Tisdale for ten dollars. After examining the pass, Tisdale realized that the pass was "bogus." He then gave appellant ten dollars in exchange for the pass. As appellant was putting the money in his pocket, Tisdale

---

1. A flash pass enables Metro bus riders to ride public transportation without paying a separate fare prior to each boarding. The rider merely "flashes" the pass, purchased earlier, to Metro officials who then allow the rider to board the bus.

identified himself as a police officer and placed appellant under arrest.

Appellant contends, as he did at trial, that the evidence is insufficient because the government has failed to prove that the ten dollars was taken "against the will" of Tisdale. We agree.

This offense requires that property be taken "without right" to do so. D.C.Code § 22–3816 (1985 Supp.). Property cannot be taken "without right" if it is taken with the knowledge and consent of the owner, or one authorized to consent on his behalf. Viewing, as we must, the evidence in the light most favorable to the government, *see, e.g., Saunders v. United States,* 317 A.2d 867, 868 (D.C.1974), there is none-theless no basis to conclude that the ten dollars was taken without Tisdale's con-sent.

Appellant approached Officer Tis-dale and offered to sell to him a Metro flash pass. Tisdale realized that the pass was "bogus." He then gave appellant ten dollars in exchange for the pass. The evi-dence does not warrant appellant's convic-tion for the reason that the money was not taken without Tisdale's knowledge and con-sent. We hold that there cannot be a tak-ing without right when property is volun-tarily surrendered for the purpose of com-pleting a criminal transaction. The essen-tial element of lack of consent is missing. *State v. Durham,* 196 N.W.2d 428 (Iowa 1972); *People v. Seligman,* 35 A.D.2d 591, 313 N.Y.S.2d 593, *aff'd,* 28 N.Y.2d 788, 321 N.Y.S.2d 901, 270 N.E.2d 721 (Ct.App. 1971); *People v. Rollino,* 37 Misc.2d 14, 233 N.Y.S.2d 580 (Sup.Ct.1962).

It often becomes necessary to resort to artifice and stratagem to apprehend crimi-nals and enforce the law. We have no quarrel with the settled rule that where, as here, the criminal intent originates with the accused, that law enforcement officers may deal with the putative offender to secure the evidence necessary for conviction. Here, however, the government chose the wrong statute under which to prosecute appellant. More to the point is D.C.Code

§§ 22–3841(b); –3842(b)(1) (1985 Supp.) which prohibit the uttering of a forged "fare card."

Appellant's conviction is not supported by sufficient evidence because the govern-ment failed to prove the essential element of lack of consent. Accordingly, we re-verse and remand the case with instruc-tions to dismiss the information.

*Reversed and remanded.*