**Oliver F. BAGGETT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–542.

District of Columbia Court of Appeals.

Submitted June 1, 1987.

Decided July 23, 1987.

Dennis M. Hart, Washington, D.C., was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Mary Ellen Albrecht, and Patricia A. Riley, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN * and BELSON, Associate Judges.

PER CURIAM:

Appellant was convicted of taking property without right, D.C.Code § 22–3816

---

* Judge Newman concurs in this opinion except for the inclusion of footnote 1.

(1986 Supp.). Appellant argues, and the government concedes, that the trial court committed reversible error by relying on appellant's post-arrest silence as evidence of his guilt. We agree, reverse, and remand for a new trial.

Appellant was an employee at a restaurant owned by the complainant. One Monday morning, appellant offered to take the money received over the weekend to the bank for deposit. The complainant gave appellant about $1,200 in cash and one or two checks. Appellant left the restaurant with the money, but did not return as expected. The bank never received the deposit. Appellant was arrested about two months later.

At a non-jury trial, appellant testified that he had been robbed on his way to the bank and was afraid to return to work. On cross-examination, he testified over objection that he had made no mention of the robbery to police at the time of his arrest. The court expressly relied on this fact in finding appellant guilty.

 Since the trial judge erroneously relied on appellant's post-arrest silence to support the finding of guilt, we must reverse appellant's conviction. *See Doyle v. Ohio*, 426 U.S. 610, 617–18, 96 S.Ct. 2240, 2244–45, 49 L.Ed.2d 91 (1976).[1] Appellant contends that he should not be retried, however, arguing that since there was no evidence that he took the money without the consent of its owner, there was insufficient evidence to support a finding of taking property without right. We reject this argument and remand for a new trial.

In *Tibbs v. United States*, 507 A.2d 141 (D.C.1986), this court delineated the elements of taking property without right: "the government must prove that the defendant (1) took and (2) carried away (3) the property of another ... (4) without right to do so." *Id.* at 144. *Tibbs* made clear, however, that the requisite "taking" need not be from the possession of the owner:

> There is nothing in the statute to suggest that the crime is committed only by one who takes property from the possession of another; under section 22–3816, possession is plainly irrelevant. ... Accordingly, we hold that the statute does not require proof that the defendant took the property from the possession of the complainant.

*Id.* In the instant case, appellant initially "took" the money with the owner's consent, but proceeded to "carr[y] [it] away ... without right to do so." While the initial taking was not "without right," there was evidence from which a trier of fact could find that appellant "took" the money anew, albeit not from the complainant's possession, when he departed from the terms of the consent, i.e., when he failed to deposit the money in the bank as promised.

*Fussell v. United States*, 505 A.2d 72 (D.C.1986), does not command a different result. In *Fussell*, the defendant was convicted of taking property without right when he accepted money from an undercover police officer in exchange for a counterfeit subway pass. This court reversed, holding that the government failed to prove the elements of taking property without right because the defendant had not taken the money without the officer's consent. *Id.* at 73. In *Fussell*, however, the government did not allege that the appellant "took" the money beyond the bounds of the officer's consent. In the instant case, on the other hand, appellant took the money without right when he exceeded the consent granted by his employer.

Since, despite the trial court's error in relying on appellant's post-arrest silence, the government presented sufficient evidence to support his conviction for taking property without right, we reverse and remand for a new trial.

*Reversed and remanded for proceedings consistent with this opinion.*

---

1. The government does not argue that appellant's post-arrest silence was admissible under *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982) (state may fashion rules of evidence under which post-arrest silence admissible where no *Miranda* warning given).