■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIKANDAR SADIQ, Appellant. [654 NYS2d 35] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered April 18, 1996, convicting him of unauthorized practice of a profession (2 counts), criminal impersonation in the second degree (2 counts), and sexual abuse in the third degree (2 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's convictions for criminal impersonation in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted of unauthorized practice of a profession (2 counts), criminal impersonation in the second degree (2 counts), and sexual abuse in the third degree (2 counts) in connection with medical procedures he performed on two female patients. The defendant claimed to be licensed to practice medicine in the Dominican Republic but stipulated that he was not licensed to practice in New York State.

The defendant argues that the evidence was not legally sufficient to support his convictions for criminal impersonation in the second degree (*see*, Penal Law § 190.25 [1]). The defendant correctly contends that in order to be found guilty of this offense, the People must have established that he impersonated a real person. The People do not argue on appeal, nor did they establish at trial, that the defendant assumed the identity of a real person (*see, People v Powell*, 59 AD2d 950; *People v Sherman*, 116 Misc 2d 109). Accordingly, the evidence was insufficient to support a conviction under Penal Law § 190.25 (1). Although this error was not objected to at trial, under the circumstances of this case, we reach it in the exercise of our interest of justice jurisdiction and reverse the defendant's convictions for criminal impersonation in the second degree (*see*, CPL 470.15 [3] [c]).

Further exacerbating the lack of legally sufficient evidence in connection with the defendant's convictions for criminal impersonation in the second degree was the trial court's erroneous charge, timely objected to by the defense counsel, which instructed the jury that the defendant could be found guilty upon a finding that he pretended to be a person with a "certain status, with a certain occupation or of a certain official character." The trial court should have instructed the jury in part that "the defendant impersonated another person, to wit (name of person impersonated). To 'impersonate' is to pass oneself off as another having a certain identity" (3 CJI[NY] PL 190.25 [1], at 1297; *see also, People v Sherman, supra,* at 110).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.