■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO APONTE, Appellant. [793 NYS2d 377]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J., on motion; Michael A. Corriero, J., at hearing; Laura E. Drager, J., at jury trial and sentence), rendered June 27, 2002, convicting defendant of two counts of criminal sale of a controlled substance in the first degree and five counts of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

Defendant received effective assistance of counsel (*see People*

*v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). On the existing record, which defendant has not sought to amplify by way of a CPL article 440 motion raising this issue (*see People v Love*, 57 NY2d 998 [1982]), we conclude that defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for the decisions made by defendant's successive attorneys to refrain from filing speedy trial motions. We note that defendant made a pro se speedy trial motion that his attorneys did not adopt and that the court found to be meritless. The second of the two attorneys in question expressly stated on the record that he did not make a speedy trial motion because, based on his own knowledge of the case and his discussions with prior counsel, it was his conclusion that such a motion would be futile because most of the delay was attributable to plea negotiations and related efforts to obtain a disposition involving drug treatment. Upon our examination of the entire record, we conclude that a reasonably competent attorney would have come to the same conclusion. In any event, even assuming that a reasonably competent attorney should have filed a speedy trial motion, we conclude that such a motion would have been unavailing.

We reject defendant's argument that he is entitled to suppression of identification testimony on the ground that the People did not establish the legality of his arrest at the *Wade* hearing. The record establishes that the motion court denied the prong of defendant's suppression motion that sought to suppress identification testimony as the product of an unlawful seizure, and that this determination was correct because defendant's moving papers were insufficient to warrant a hearing on that issue (*see People v Mendoza*, 82 NY2d 415 [1993]). In any event, were we to find any ambiguity in the motion court's order, we would find that defendant abandoned any issue under *Dunaway v New York* (442 US 200 [1979]) because he did not alert either the motion or hearing court to the existence of such an unresolved issue at any time before, during or after the *Wade* hearing (*see e.g. People v Henriquez*, 246 AD2d 427 [1998], *lv denied* 91 NY2d 942 [1998]).

Defendant's remaining claim was expressly waived (*see People v Brown*, 278 AD2d 60 [2000], *lv denied* 96 NY2d 798 [2001]), and we find defendant's arguments for reaching that claim unavailing. Concur—Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ.