The People of the State of New York, Respondent, 
against
Jenry Galarzparedes, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert H. Straus, J.), rendered September 20, 2012, convicting him, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence. Per Curiam.




Judgment of conviction (Robert H. Straus, J.), rendered September 20, 2012, affirmed.
Upon our review of the record as a whole and the circumstances of the plea in its totality (see People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied that defendant "intelligently and understandingly waived [his] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]; see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 366 [2013]), and entered an otherwise knowing and voluntary guilty plea. Defendant was permitted to plead guilty to second degree aggravated unlicensed operation of a motor vehicle in exchange for a lenient sentence of a fine and probation. The plea occurred six months after defendant had been arrested and charged, and he had counsel on the case, who filed motions and "actively litigated" the matter (People v Conceicao, 26 NY3d at 384). Moreover, defendant was aware of his right to a trial, because his case was on for trial the very same day that he pleaded guilty. That his attorney, after consulting with defendant and waiving formal allocution, informed the court that defendant had decided to plead guilty rather than proceed to the scheduled trial "further confirms that defendant made the decision to plead guilty after consulting with counsel" (id.). A failure to recite the Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d at 383; People v Sougou, 26 NY3d at 1054-1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]), and here the record shows that defendant knowingly, voluntarily and intelligently waived his constitutional rights.
Since the court never issued a specific ruling on the police observation portion of defendant's suppression motion and defendant never alerted the motion court to the existence of the unresolved issue prior to pleading guilty, defendant abandoned that branch of the motion, thereby rendering his present claim with respect to that issue unpreserved for appellate review (see People v Medina, 93 AD3d 459, 459 [2012], lv denied 19 NY3d 999 [2012]; People v [*2]Bigelow, 68 AD3d 1127, 1128 [2009], lv denied 14 NY3d 797 [2010]; People v Aponte, 17 AD3d 225, 226 [2005], lv denied 5 NY3d 758 [2005]). We decline to review that claim in the exercise of our interest of justice jurisdiction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 16, 2017