■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHON GRANT, Appellant. [58 NYS3d 77]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered July 26, 2011, convicting him of burglary in the first degree, rape in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the Supreme Court erred in charging the jury on the crime of burglary in the first degree under the theory that the defendant unlawfully remained in the complainant's dwelling with the intent to commit a crime therein, rather than the theory that he unlawfully entered the complainant's dwelling with the intent to commit a crime therein (*see People v Graves*, 76 NY2d

16, 22 [1990]). "When two or more statutes make punishable the same conduct, it is generally left to the People, in their discretion, to choose which offense to charge" (*People v Safran*, 113 AD3d 878, 879 [2014]; *see People v Urbaez*, 10 NY3d 773, 775 [2008]). Here, the complainant testified that she opened her apartment door to find the defendant standing there, asking to use her bathroom. The complainant agreed, and upon exiting the bathroom, the defendant briefly entered the hallway outside the complainant's apartment door. When the complainant then told the defendant, "I don't appreciate people stopping by unannounced[,]" the defendant pushed the complainant back into the apartment, shut and locked the door, strangled the complainant, and sexually assaulted her. Based on these facts, it was not error for the court to grant the People's request to present the jury with an unlawful remaining charge, rather than one of unlawful entry (*see People v Gaines*, 74 NY2d 358, 363 [1989]), as the defendant's act of briefly stepping into the hallway did not automatically terminate his license to be present in the complainant's apartment (*cf. People v Burnett*, 205 AD2d 792, 793 [1994]).

The defendant's contention that the Supreme Court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was coercive is unpreserved for appellate review due to his failure to object at trial (*see* CPL 470.05 [2]; *People v Terry*, 122 AD3d 882, 882-883 [2014]). In any event, the *Allen* charge, as well as the court's responses to the jury's notes, were proper, as the court did not attempt to persuade the jurors to abandon their beliefs or convictions, to coerce dissenting jurors to reach a particular verdict, or to shame the jurors into reaching any verdict (*see People v Muirhead*, 110 AD3d 833, 834-835 [2013]; *People v Gonzalez*, 70 AD3d 855, 856 [2010]; *People v McKenzie*, 48 AD3d 594, 595 [2008]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.