People v McKinnon (2020 NY Slip Op 05056)





People v McKinnon


2020 NY Slip Op 05056


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-06839
 (Ind. No. 2782/13)

[*1]The People of the State of New York, respondent,
v
Stephone McKinnon, appellant.


Paul Skip Laisure, New York, NY (Nao Terai and Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered June 7, 2016, convicting him of burglary in the third degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the conviction of burglary in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's contention that his trial counsel was ineffective for failing to move to dismiss the indictment on statutory speedy trial grounds is without merit. While the failure to make a meritorious speedy trial motion can constitute ineffective assistance of counsel (see People v Brunner, 16 NY3d 820, 821; People v Courtney, 249 AD2d 485), the speedy trial violation must have been "clear-cut and dispositive" (People v Mandes, 168 AD3d 764, 766, citing People v McGee, 20 NY3d 513, 518; see People v Brunner, 16 NY3d at 821). In other words, the motion must not only be meritorious (see People v Aponte, 17 AD3d 225, 226), it generally must not require resolution of novel issues, or resolution of whether debatable exclusions of time are applicable (see People v Brunner, 16 NY3d at 821). Here, the issue cannot be fairly characterized as "clear-cut and dispositive" so as to render defense counsel ineffective for failing to make such a motion (People v Mandes, 168 AD3d at 766).
Upon the exercise of our factual review power (see CPL 470.15[5]), we find that the defendant's conviction of burglary in the third degree was against the weight of the evidence.
To sustain a conviction of burglary in the third degree under Penal Law § 140.20, the People must establish that the defendant knowingly entered or remained unlawfully in a building with intent to commit a crime therein.
In its charge to the jury, the Supreme Court instructed the jury concerning burglary in the third degree by stating: "a person is guilty of Burglary in the Third Degree when that person knowingly enters unlawfully in a building with intent to commit a crime therein." The court then [*2]explained that a "[b]uilding means any structure used for overnight lodging of persons or used by persons for carrying on business therein," and that "[a] person enters unlawfully in a building when a person has no license or privilege to enter and remain in that building." The court continued by stating that "[t]o have no license or privilege to enter or remain means to have no right[,] permission[,] or authority to do so," and that "[a] person knowingly enters unlawfully in a building when that person is aware [that] he's entering in such building without a license or privilege to do so." In conclusion, the court stated that "[t]he People are required to prove from all the evidence beyond a reasonable doubt," inter alia, that "[o]n or about March 24th, 2013, . . . [the] defendant . . . unlawfully entered or remained in a building, [the subject premises]."
Since the People did not object to the Supreme Court's omission of the part of the definition of "enter or remain unlawfully" stating that "[a] license or privilege to enter [remain] in a building which is only partly open to the public is not a license or privilege to enter [remain], in that part of the building which is not open to the public" (CJI2d[NY] Penal Law § 140.20; see Penal Law § 140.00[5]), they were bound to satisfy the heavier burden of showing that the defendant entered the premises unlawfully, rather than a portion thereof not accessible to the public. Moreover, we must weigh the evidence in light of the elements of the crime as charged to the jury without objection (see People v Truluck, 173 AD3d 1070, 1072; People v Samuels, 130 AD3d 757, 759).
The testimony at trial was unequivocal that the defendant and two cohorts entered the subject premises, a self-storage facility, during business hours, using the entrance designated for use by the public. The defendant's entry into the premises was therefore lawful (see People v Brown, 25 NY2d 374, 376). While the defendant's subsequent act of entering a nonpublic area of the premises could constitute an unlawful entry (see Penal Law § 140.00[5]; People v Sarantakis, 121 AD3d 1024, 1024; People v McKinney, 46 AD3d 705, 706), in light of the Supreme Court's charge omitting that portion of the instruction elaborating upon license and privilege as it applies to nonpublic areas within public places, and asking the jury whether the defendant unlawfully entered the premises generally, it was factually insufficient to prove that the defendant's entry was unlawful.
The sentence imposed upon the defendant's remaining conviction was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court