People v Woodley (2022 NY Slip Op 00201)





People v Woodley


2022 NY Slip Op 00201


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-02196
 (Ind. No. 10173/13)

[*1]The People of the State of New York, respondent,
v
Macliff Woodley, appellant.


Patricia Pazner, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), rendered November 9, 2017, convicting him of criminal contempt in the first degree (two counts) and criminal contempt in the second degree (eight counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of criminal contempt in the second degree under counts 9, 10, 11, 14, 15, 16, and 17 of Indictment No. 5685/14, vacating the sentences imposed thereon, and dismissing those counts of that indictment; as so modified, the judgment is affirmed.
The defendant was charged in two indictments, Indictment Nos. 10173/13 and 5685/14, that were later consolidated, with several counts of criminal contempt in the first and second degree. The charges stemmed from a series of incidents that occurred in 2013 and 2014.
The defendant failed to preserve for appellate review his contention that counts 9, 10, 11, 14, 15, 16, and 17 of Indictment No. 5685/14, which each charged criminal contempt in the
second degree, were duplicitous (see CPL 470.05[2]; People v Becoats, 17 NY3d 643, 650; People v Gonzalez, 187 AD2d 607, 607). We nevertheless reach this contention in the exercise of our interest of justice jurisdiction (see People v Rodriguez, 187 AD3d 1063, 1065).
A count in an indictment is void as duplicitous when it charges more than one offense (see People v Alonzo, 16 NY3d 267, 269; People v Davis, 72 NY2d 32, 38; People v Gerardi, 165 AD3d 1281, 1282). "Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented . . . at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Jean, 117 AD3d 875, 877 [internal quotation marks omitted]).
Here, counts 9, 10, 11, 14, 15, 16, and 17 of Indictment No. 5685/14 all charged the defendant with criminal contempt in the second degree, arising from his alleged violation of two orders of protection during two separate incidents that occurred on June 27, 2014. The first order of protection was in favor of a single individual; the second order was in favor of that same [*2]individual, as well as three others.
Neither the verdict sheet nor the jury charge, however, explained how the testimony and evidence adduced at trial applied to the seven counts—i.e., which counts pertained to which of the two orders of protection and which of the four alleged victims. Therefore, as the People effectively concede, the challenged counts were duplicitous because it is impossible to determine the particular acts upon which the jury reached its verdict with respect to each of the counts (see People v Jean, 117 AD3d at 877-878; People v Black, 65 AD3d 811, 813). Accordingly, we vacate the defendant's convictions of criminal contempt in the second degree under counts 9, 10, 11, 14, 15, 16, and 17 of Indictment No. 5685/14, vacate the sentences imposed thereon, and dismiss those counts of that indictment.
The defendant failed to preserve for appellate review his contention that the Supreme Court should have sought clarification from the jury regarding a note it sent during deliberations that requested a "more thorough explanation of the third-party stipulation in the order of protection," and that its response to the note was not meaningful (see CPL 470.05[2], People v Mack, 27 NY3d 534, 542). In any event, these contentions are without merit. The record demonstrates that the court confirmed with the jury the meaning of the inquiry during its response, and that its response was meaningful under the circumstances (see People v Pardo, 175 AD3d 1434, 1435; People v Williams, 150 AD3d 902, 904).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; see People v Nelson, 125 AD3d 58, 65). In any event, this contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to issues raised in defense counsel's summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Morales, 171 AD3d 945, 947). Moreover, defense counsel was not ineffective for failing to preserve this contention (see People v Gross, 26 NY3d 689, 696; People v Shepard, 171 AD3d 951, 952).
In light of our determination, we need not reach the defendant's remaining contentions.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court