People v Harrison (2023 NY Slip Op 00107)

People v Harrison

2023 NY Slip Op 00107

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2019-11001
 (Ind. No. 2384/17)

[*1]The People of the State of New York, respondent,
v
Christopher Storm Harrison, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered July 22, 2019, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree for stabbing his mother multiple times, thereby causing her death. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, he failed to meet his burden of proving the affirmative defense of lack of criminal responsibility by reason of mental disease or defect by a preponderance of the evidence (see Penal Law §§ 25.00[2]; 40.15; People v Kiarie, 198 AD3d 814; People v Trojan, 73 AD3d 818, 819).
Moreover, the County Court properly denied defense counsel's request to charge the affirmative defense of extreme emotional disturbance to the jury. An extreme emotional disturbance defense charge is appropriate if the jury could reasonably conclude from the evidence that, at the time of the homicide, the defendant "was affected by an extreme emotional disturbance, and that [the] disturbance was supported by a reasonable explanation or excuse rooted in the situation as he perceived it" (People v McKenzie, 19 NY3d 463, 466; see People v Roche, 98 NY2d 70, 75-76; People v Harris, 95 NY2d 316, 319). Here, there was no reasonable view of the evidence supporting the conclusion that, at the time of the homicide, the defendant was affected by an extreme emotional disturbance. The defendant's statements and actions immediately prior to and following the crime established that his act of repeatedly stabbing his mother was premeditated, deliberate, and calculated, and is entirely inconsistent and incompatible with his self-serving assertions that he "lost control" (see People v Bailey, 142 AD3d 1096, 1097-1098).
The defendant failed to preserve for appellate review his contentions that the County Court should have sought clarification from the jury regarding two notes the jury sent during deliberations, and that the court's responses to the notes were not meaningful (see CPL 470.05[2]; People v Mack, 27 NY3d 534, 542). In any event, these contentions are without merit. The record demonstrates that the court's responses were meaningful under the circumstances (see People v Woodley, 201 AD3d 749, 750; People v Heron, 130 AD3d 754, 756; People v Cherry, 127 AD3d 879, 881).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; see People v Nelson, 125 AD3d 58, 65). In any event, this contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to issues raised in defense counsel's summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Morales, 171 AD3d 945, 947).
The County Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial. The decision to declare a mistrial rests within the sound discretion of the court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial, and, contrary to the defendant's contention, there was no evidence of coercion by the court's procedures in this matter (see People v Hardy, 26 NY3d 245, 251-252; People v Diaz, 189 AD3d 1063, 1066). The defendant's related contention that the court's recitation of a full Allen charge (see Allen v United States, 164 US 492) to the jury was coercive is without merit. The full Allen charge, as well as the court's separate recitation of a partial Allen charge to the jury and the court's responses to the jury's notes, were proper, as the court did not attempt to persuade the jurors to abandon their beliefs or convictions, to coerce dissenting jurors to reach a particular verdict, or to shame the jurors into reaching any verdict (see People v Grant, 151 AD3d 883, 884; People v Muirhead, 110 AD3d 833, 834-835).
Contrary to the defendant's contention, the photographs of his mother's autopsy which were admitted into evidence served to illustrate and corroborate the medical examiner's testimony as to the nature and location of his mother's wounds and her manner of death, and to show the assailant's intent. As intent was a material issue in the case, the photographs were properly admitted (see People v Wells, 161 AD3d 1200).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court