People v Zuniga (2025 NY Slip Op 01121)

People v Zuniga

2025 NY Slip Op 01121

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2020-03155
 (Ind. No. 34/19)

[*1]The People of the State of New York, respondent,
v
Hugo Zuniga, appellant.

Randall Richards, Bronxville, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered January 15, 2020, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials on November 8, 2018. The evidence at the suppression hearing supported the court's conclusion that the challenged statements were not the product of a custodial interrogation (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585, 588). Under the totality of the circumstances, a reasonable person, innocent of any crime, would not have believed that he or she was in custody at the time the statements were made (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d at 590-591; People v Hirji, 185 AD3d 1053, 1055-1056).
The defendant's challenge to the legal sufficiency of the evidence on the count of sexual abuse in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Lane, 7 NY3d 888, 889). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree beyond a reasonable doubt. A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact when the other person is incapable of consent by reason of being physically helpless (Penal Law § 130.65[2]). A person is physically helpless if he or she is "unconscious or for any other reason is physically unable to communicate unwillingness to an act" (id. § 130.00[7]; see People v Edison, 167 AD3d 769, 770-771). Here, the People met their burden of establishing that the defendant subjected the complaining witness to sexual contact while she was unable to consent due to being physically helpless, since she testified that she was asleep when the sexual contact started (see People v Edison, 167 AD3d at 770; People v Chodakowski, 162 AD3d 476, 476).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great [*2]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt on the counts of sexual abuse in the first degree and endangering the welfare of a child was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court's modified Allen charge (see Allen v United States, 164 US 492) was coercive is unpreserved for appellate review due to his failure to object to that charge at trial (see CPL 470.05[2]; People v Grant, 151 AD3d 883, 884). In any event, the charge was proper, as the court did not attempt to persuade the jurors to abandon their beliefs or convictions, to coerce dissenting jurors to reach a particular verdict, or to shame the jurors into reaching any verdict (see People v Harrison, 212 AD3d 651, 653; People v Grant, 151 AD3d at 884; People v Muirhead, 110 AD3d 833, 834-835).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court