People v Rafikian (2026 NY Slip Op 01232)

People v Rafikian

2026 NY Slip Op 01232

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2014-11351 
2019-11915
2019-11916

[*1]The People of the State of New York, respondent, 
vMohammad Rafikian, also known as Mo Kian, appellant. (Ind. Nos. 2096/04, 439/05, 2434/05)

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Queens County (Daniel Lewis, J.), all rendered November 3, 2014, convicting him of (1) grand larceny in the first degree, grand larceny in the second degree (three counts), scheme to defraud in the first degree, criminal impersonation in the second degree (three counts), and practicing or appearing as an attorney without being admitted and registered under Indictment No. 2096/04, (2) grand larceny in the second degree, scheme to defraud in the first degree, criminal impersonation in the second degree, and practicing or appearing as an attorney without being admitted and registered under Indictment No. 439/05, and (3) grand larceny in the second degree (two counts), scheme to defraud in the first degree, criminal impersonation in the second degree (two counts), and practicing or appearing as an attorney without being admitted and registered under Indictment No. 2434/05, upon a jury verdict, and imposing sentences.
ORDERED that the judgments are reversed, on the law and the facts, the indictments are dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant was charged, in three indictments, with multiple counts of grand larceny, criminal impersonation in the second degree, scheme to defraud in the first degree, and practicing or appearing as an attorney without being admitted and registered, arising out of conduct that allegedly occurred between February 2000 and February 2005. The indictments were consolidated for trial. After a jury trial, the defendant was convicted of grand larceny in the first degree, grand larceny in the second degree (six counts), scheme to defraud in the first degree (three counts), criminal impersonation in the second degree (six counts), and practicing or appearing as an attorney without being admitted and registered (three counts).
The defendant contends that his convictions of grand larceny in the first degree and grand larceny in the second degree were against the weight of the evidence. "There is no preservation requirement for weight-of-the-evidence appellate review" (People v Rose, 191 AD3d 697, 698; see People v Petty, ____ AD3d ____, ____, 2026 NY Slip Op 00799, *1). Although the [*2]defendant's contention that his grand larceny convictions were not supported by legally sufficient evidence was not properly preserved for appellate review, "we necessarily determine whether each element of the crime was proven beyond a reasonable doubt in assessing the claim that the conviction[s] [were] against the weight of the evidence" (People v Rivera, 180 AD3d 939, 939 [internal quotation marks omitted]; see People v Petty, ____ AD3d at ____, 2026 NY Slip Op 00799, *1). Moreover, "we must weigh the evidence in light of the elements of the crime as charged to the jury without objection" (People v McKinnon, 186 AD3d 1533, 1534; see People v Truluck, 173 AD3d 1070, 1072).
The People do not dispute the defendant's contention that six of his seven grand larceny convictions, with the exception of count 2 of Indictment No. 2096/04, related to the complainant Aaron Guli, were against the weight of the evidence in light of the elements as charged to the jury without exception (see People v McKinnon, 186 AD3d at 1534). As charged to the jury, the People were required to prove with respect to all of the grand larceny counts, inter alia, that the defendant committed "larceny by trespassory taking" by taking the complainants' property without their consent (Penal Law § 155.05[2][a]; see People v Norman, 85 NY2d 609, 617-618). However, the People failed to establish that the defendant took the complainants' funds without their consent. Rather, the People's evidence showed that the funds at issue were given to the defendant voluntarily (see People v Seligman, 35 AD2d 591, 594, mod 28 NY2d 788). Contrary to the People's contention, the evidence supporting count 2 of Indictment No. 2096/04, with respect to Guli, similarly established that the funds at issue were given to the defendant voluntarily and were not taken without the owner's consent (see id.). Under the circumstances presented, we find that the defendant's grand larceny convictions were against the weight of the evidence. Accordingly, we vacate the defendant's convictions of grand larceny in the first degree and grand larceny in the second degree under Indictment Nos. 2096/04, 439/05, and 2434/05, vacate the sentences imposed thereon, and dismiss those counts of those indictments.
Additionally, as the People correctly concede, the evidence was legally insufficient to support the defendant's convictions of criminal impersonation in the second degree. A person is guilty of criminal impersonation in the second degree, inter alia, "when he [or she] . . . [i]mpersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another" (Penal Law § 190.25[1]). "[T]o be found guilty of this offense, the People must have established that [the defendant] impersonated a real person" (People v Sadiq, 236 AD2d 638, 639). Here, the People failed to present any evidence that the defendant impersonated a real person (see Penal Law § 190.25[1]; People v Sadiq, 236 AD2d at 639).
Further, as the defendant correctly contends, the counts of scheme to defraud in the first degree and practicing or appearing as an attorney without being admitted and registered were duplicitous. "A count in an indictment is void as duplicitous when it charges more than one offense" (People v Woodley, 201 AD3d 749, 749; see People v Alonzo, 16 NY3d 267, 269). "Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Jean, 117 AD3d 875, 877 [internal quotation marks omitted]; see People v Woodley, 201 AD3d at 749-750). Here, neither the verdict sheet nor the jury charge explained how the testimony and evidence adduced at trial applied to the three counts of scheme to defraud in the first degree or the three counts of practicing or appearing as an attorney without being admitted and registered, including which counts pertained to which of the complainants. Under the circumstances, the challenged counts were duplicitous because it is impossible to determine the particular acts upon which the jury reached its verdict with respect to each of the counts (see People v Woodley, 201 AD3d at 750; People v Payne, 241 AD2d 466, 467; see also People v First Meridian Planning Corp., 86 NY2d 608, 616). Accordingly, we vacate the defendant's convictions of scheme to defraud in the first degree and practicing or appearing as an attorney without being admitted and registered under Indictment Nos. 2096/04, 439/05, and 2434/05, vacate the sentences imposed thereon, and dismiss those counts of that indictments.
In light of our determination, we need not reach the defendant's remaining [*3]contentions.
GENOVESI, J.P., WARHIT, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court