People v Ramsay

2026 NY Slip Op 02421

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Orlando Ramsay, appellant. (Ind. Nos. 70522/21, 70916/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-06152, 2024-06156

Colleen D. Duffy, J.P.

Deborah A. Dowling

Janice A. Taylor

Laurence L. Love, JJ.

Jillian S. Harrington, Staten Island, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Kevin C. King of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from two judgments of the County Court, Nassau County (Teresa K. Corrigan, J.), both rendered July 8, 2024, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree under Indictment No. 70522/21, and operating as a major trafficker, criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (six counts), criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts), criminal possession of a firearm (three counts), criminal use of drug paraphernalia in the second degree, and conspiracy in the second degree under Indictment No. 70916/21, upon his pleas of guilty, and imposing sentences.

ORDERED that the judgments are affirmed.

The defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his pleas or otherwise raise the issue in the County Court (see People v Lopez, 71 NY2d 662, 665; People v Escobargarcia, 237 AD3d 1221, 1222). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt as to the crimes to which he pleaded, negate an essential element of any of the crimes, or call into question the voluntariness of his pleas (see People v Bermudez-Cedillos, 228 AD3d 681, 682). In any event, the record demonstrates that the defendant's pleas of guilty were knowing, voluntary, and intelligent (see People v Sougou, 26 NY3d 1052, 1055; People v Escobargarcia, 237 AD3d at 1222).

By pleading guilty, the defendant forfeited any claim of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (see CPL 30.30; People v Adams, 237 AD3d 966, 967). In any event, the defendant's contention that he received ineffective assistance of counsel is without merit (see People v McKinnon, 186 AD3d 1533, 1533; People v Brown, 170 AD3d 878, 879).

DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court